MADDOX, Justice
(concurring specially).
I agree that the Northwest Alabama Gas District is a “governmental entity,” but I also agree with the District that, in the exercise of good business judgment, it is not prohibited from purchasing insurance with limits in excess of those set out in Ala.Code 1975, § 11-93-2. For example, if the Gas District were to be held liable under some federal statute, such as the “Superfund” law, the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9601 et seq., the fact that it is a “governmental entity” under § 11-93-2 might be of no benefit to it. Section 11-93-2 provides a liability “cap” that may be an advantage for the District only in state court, and possibly of no benefit even there if this Court should decide to overrule its prior cases regarding the power of the legislature to establish such a cap.[1]
I express no opinion on whether good business judgment was exercised here, however.

. In Jackson v. City of Florence, 294 Ala. 592, 320 So.2d 68 (1975), this Court overturned years of precedents, and it was the Jackson decision that motivated the legislature to adopt the cap initially.